UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL T. WILLIAMS,<br><br>              Plaintiff,<br><br>         v.<br><br>MICHAEL J. ASTRUE,[1]<br>Commissioner of Social<br>Security,<br><br>              Defendant. | Case No. EDCV-06-350 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

## I.   SUMMARY

On April 5, 2006, plaintiff Gail T. Williams ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross-motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; April 11, 2006 Case Management Order, ¶ 5.

---

[1] Michael J. Astrue is substituted as Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d)(1).

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.  The evidence does not reasonably support the Administrative Law Judge's conclusion that a statement in issue was authored solely by plaintiff and contained no lay evidence from plaintiff's sister.  The ALJ further erred in failing to develop the record to clarify the degree to which the statement was authored by plaintiff's sister and in failing to evaluate such evidence in light of its source.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On November 7, 2002, plaintiff filed an application for disability insurance ("DIB") and supplemental security income ("SSI") benefits.  (Administrative Record ("AR") 89-91, 389-90).  Plaintiff asserted that she became disabled on November 15, 2000, due to multiple sclerosis – optic neuritis, degenerative arthritis in back and neck, acid reflux disease, and a sleep disorder.  (AR 89, 109). The Social Security Administration denied plaintiff's application initially and upon reconsideration.  (AR 27, 30, 40-50).  Plaintiff then requested a hearing, which was held before an Administrative Law Judge (the "First ALJ") on March 10, 2004.  (AR 51, 402-20).  On June 7, 2004, the First ALJ determined that plaintiff was not disabled.  (AR 34-39).

On September 13, 2005, after the Appeals Counsel granted plaintiff's application for review and remanded the case for further proceedings, another hearing was held before a different Administrative Law Judge (the "Second ALJ"). (AR 421-41).   The Second ALJ heard testimony from plaintiff (who was represented by counsel), a medical expert and a vocational expert. (Id.).

On December 19, 2005, the Second ALJ determined that plaintiff was not disabled. (AR 15-22). Specifically, the Second ALJ found:  (1) plaintiff suffered from the following severe impairments:  multiple sclerosis and degenerative disc

disease (back pain) (AR 17, 21); (2) plaintiff's impairments taken either singly or in combination, did not meet or medically equal one of the listed impairments (AR 17, 21); (3) plaintiff retained the residual functional capacity to perform a significant range of light work (AR 22);[2] (4) plaintiff was unable to perform her past relevant work (AR 20, 22); and (5) plaintiff could perform a significant number of jobs in the national economy (AR 21, 22).

The Appeals Council denied plaintiff's application for review of the Second ALJ's decision. (AR 8-10).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

///
///

---

[2] Specifically, the Second ALJ determined that plaintiff: (i) could lift and carry 20 pounds occasionally and 10 pounds frequently; (ii) sit for six hours of an 8-hour day; (iii) stand and/or walk for six hours of an 8-hour day; but (iv) should avoid work that would expose plaintiff to concentrated extremes of temperature. (AR 18, 21).

|   |     |                                                                                               |
|---|-----|-----------------------------------------------------------------------------------------------|
|   | (2) | Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three. |
|   | (3) | Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four. |
|   | (4) | Does the claimant possess the residual functional capacity to perform her past relevant work?[3] If so, the claimant is not disabled. If not, proceed to step five. |
|   | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow her to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920). "[T]he ALJ has an affirmative duty to assist the claimant in developing the record at every step of the inquiry." Bustamante v. Massanari, 262 F.3d 949, 954 (9th Cir. 2001); see also Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (ALJ has special duty to fully and fairly develop record and to assure that claimant's interests are considered). The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.

///

---

[3] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. §§ 404.1545(a), 416.945(a). "In determining a claimant's [residual functional capacity], an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." Robbins v. Social Security Administration, 466 F.3d 880, 883 (9th Cir. 2006) (citations omitted).

Bustamante, 262 F.3d at 953-54 (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

### B. Standard of Review

Pursuant to 42 U.S.C. section 405(g), a court "may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error." Robbins, 466 F.3d at 882 (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. Plaintiff's Sister's Alleged Statement

Plaintiff argues that the Second ALJ erred in rejecting plaintiff's sister's statement concerning plaintiff's symptoms and limitations without sufficient reason. Defendant responds that the Second ALJ reasonably inferred that the statement in issue originated from plaintiff, rather than her sister who typed it, and that, even if this was error, such error was harmless because the statement mirrored plaintiff's subjective complaint which the Second ALJ properly rejected. (Defendant's Motion at 3). This Court concurs with Plaintiff.

5

### 1. Pertinent Facts

During the hearing before the First ALJ, plaintiff testified that she "wrote down" some of the problems and symptoms she had that allegedly kept her from working, and that she "had [her] sister run them off on her computer." (AR 410).[4] This prompted the First ALJ to ask plaintiff's counsel whether he "want[ed] to add that typed up list to the exhibits." (AR 410). Upon receiving an affirmative response from plaintiff's counsel, and confirming that counsel had a copy for him, the First ALJ indicated that such list would be added to the record. (AR 411). This document, referenced in the "List of Exhibits" as a "Statement of Claimant Re: Health Problems, undated" (AR 4), consists of a total of three pages, the first two of which are type-written and the third of which is hand-written. (AR 148-50). The first type-written page is entitled "Gail Williams' Health Problems" and bears the handwritten notation: "Sister typed as I told." (AR 148).

The typed portion of the statement is written in the first person and refers to plaintiff in the third person. (AR 149-50). It contains (i) unattributed statements regarding plaintiff's symptoms and their impact (e.g., "plaintiff's short-term memory is not good" "plaintiff has constant pain" "plaintiff went temporarily blind"; (ii) the author's own actions and interactions with plaintiff (e.g., "I helped [plaintiff] up," "I called [plaintiff] at her house," "I had to come home from work to help [plaintiff]"); (iii) the author's observations and impressions of plaintiff's limitations (e.g., "I have been with [plaintiff] when her tongue and lips start stinging and quivering," "[While] I had a yard sale . . .[plaintiff's] hand and arms started shaking," "[While plaintiff was driving us home, plaintiff's] leg started shaking tremendously," "I could tell [plaintiff] was shaken"); and (iv) plaintiff's complaints to the author (e.g., "[plaintiff] complains of [constant pain in her back, neck and legs] all the time" "When I call [plaintiff]. . . many times she tells me she is shaking or having tremors and muscle spasms . . .[and] we must end our

---

[4]Plaintiff has two sisters. (AR 132).

conversation because of this," "plaintiff called me to say she went blind again," "In 1998. . . [plaintiff] told me she was seeing lights everywhere. . .[s]ince then, [plaintiff] has told me she seems moving lights quite often"). (AR 148-49).[5]

After the First ALJ rendered a decision and plaintiff sought review, the Appeals Council remanded for further proceedings in part because it found that the First ALJ did not adequately address the lay statement from plaintiff's sister regarding plaintiff's activities. (AR 68). Although acknowledging this fact, the Second ALJ concluded that the statement was only typed by plaintiff's sister and was in fact, a statement from plaintiff herself. (AR 19). The Second ALJ concluded that the statement should be given no weight because the allegations therein were not supported by objective evidence and were contradicted by objective evidence.

### 2. Pertinent Law

Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. Stout, 454 F.3d at 1056 (citations omitted); Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); see also Robbins, 466 F.3d at 885 (ALJ required to account for all lay witness testimony in discussion of findings) (citation omitted); Regennitter v. Commissioner, 166 F.3d 1294, 1298 (9th Cir. 1999) (testimony by lay witness who has observed claimant is important source of information about claimant's impairments); Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness

---

[5] The handwritten third page appears to be a rough list of plaintiff's symptoms. Although there is some overlap between the symptoms and incidents referenced on the handwritten page and the typewritten pages, they are by no means identical. In addition, the handwritten page refers to plaintiff's sister in the third person (e.g., "Fell – coming down staircase at sister's house" "went to drive sister's car. . .and right leg started shaking"). Although the ALJ should develop and clarify the record on this issue, it appears likely to this Court that the handwritten page was prepared by plaintiff, and that the pages typed by plaintiff's sister contain a combination of the sister's lay observations and plaintiff's statements to her sister.

7

testimony as to claimant's symptoms or how impairment affects ability to work is competent evidence and therefore cannot be disregarded without comment (citations omitted)[6]; Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987) (ALJ must consider observations of non-medical sources, e.g., lay witnesses, as to how impairment affects claimant's ability to work).  Accordingly, even "family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

Most of the above-cited authorities speak in terms of the "testimony" of lay witnesses.  However, the standards discussed in these authorities appear equally applicable to written statements.  Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000) (ALJ erred in failing to consider letters submitted by claimant's friends and ex-employers in evaluating severity of claimant's functional limitations).

### 3. Analysis

As noted above, the ALJ in this case concluded that the statement in issue did not constitute lay evidence.  In light of the actual content of the statement, which clearly reflects observations by, and impressions of plaintiff's sister, this Court concludes that the evidence does not reasonably support the Second ALJ's conclusion that the written statement was authored solely by plaintiff and merely typed by plaintiff's sister.  Having said that, it would not have been unreasonable for the Second ALJ to conclude that the typed statement was *in part* a product of

---

[6] In Nguyen, the Ninth Circuit also explained that Vincent v. Heckler, 739 F.2d 1393 (9th Cir. 1984) does not stand for the proposition that an ALJ may disregard, without stating the reasons therefor, lay witness testimony as to a claimant's symptoms or how an impairment affects the claimant's ability work.  100 F.3d at 1467.  As the Nguyen court notes, in Vincent lay witnesses were making medical diagnoses, e.g., that the claimant had a serious medical impairment as a result of a stroke.  Id.  Such medical diagnoses by lay witnesses (as opposed to observations of symptoms and impairments) do not constitute competent evidence and thus could properly be disregarded without comment.  Id.

what plaintiff told her sister based upon the handwritten notation on the first page and plaintiff's testimony at the first hearing. An ambiguity exists in the record regarding the degree to which the statement reflects the observations of plaintiff's sister, and the degree to which it reflects plaintiff's own statement of her subjective complaints. The Second ALJ had a duty to develop the record to clarify this ambiguity, to consider the lay evidence from plaintiff's sister *in light of the source*, and, if he rejected it, to give germane reasons therefor. Although it may well be that the Second ALJ would have rejected such lay evidence for much the same reasons that caused him to reject the statement when he viewed it as emanating from plaintiff herself, this Court will not speculate on that count. The Court instead notes that the statement details many of plaintiff's alleged symptoms and limitations such as poor short-term memory, constant complaints of pain in plaintiff's back, neck, arms and legs which reportedly makes plaintiff weak and creates a need for her to lie down, pain in plaintiff's left eye and ear, visible tremors and muscle spasms, stuttering, eye problems (i.e., temporary blindness, seeing flashing lights), writing problems and difficulty falling asleep. (AR 148-49). As these statements, if attributed to plaintiff's sister, would materially corroborate plaintiff's own statements, and thereby potentially impact a reasonable ALJ's assessment of the credibility of plaintiff's subjective complaints, this Court cannot find the Second ALJ's errors to be harmless. See Stout, 454 F.3d at 1056 (where ALJ fails properly to consider competent lay evidence favorable to claimant, district court cannot deem error harmless unless no reasonable ALJ, when fully crediting the lay evidence, could have reached a different disability determination).

///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[7]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 15, 2007

                                                                /s/

                                              Honorable Jacqueline Chooljian
                                              UNITED STATES MAGISTRATE JUDGE

---

[7]The Court need not and has not reached the other issues raised by plaintiff except insofar as to determine that remand, rather than reversal is appropriate. When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).